UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONIO VASQUEZ ESCARCEGA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-25-1129-J |
| ) | |
| SAM OLSON, et al., ) | |
| ) | |
| Respondents. ) | |

**ORDER**

Petitioner Antonio Vasquez Escarcega filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Pet.) [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens who entered a Report and Recommendation recommending that the Court: (1) grant the Petition; and (2) order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner. (R&R) [Doc. No. 14]. Petitioner filed a timely objection (Obj.) [Doc. No. 16], triggering de novo review. *See Gauthier v. Hunt*, No. 5:20-CV-1153-J, 2021 WL 1886297, at *2 (W.D. Okla. May 11, 2021). For the reasons below, the Court GRANTS the Petition.

**I.   Background**

Petitioner entered the United States illegally around 2005 and has lived in the country continuously for the past twenty years, most recently in Broken Arrow, Oklahoma. On August 27, 2025, Immigration and Customs Enforcement (ICE) detained Petitioner in Tulsa, Oklahoma and placed him into removal proceedings before the El Paso Immigration Court pursuant to 8 U.S.C. § 1229(a). Since his arrest, Petitioner has remained in custody without a bond hearing. On September 27, 2025, while detained at the Cimarron Correctional Facility in the Western District of Oklahoma, Petitioner filed his Petition, asserting that his continued detention violates the

Immigration and Nationality Act (INA) and his Fifth Amendment due process rights.[1]  Pet. at 12-13.

## II. Report and Recommendation

Upon review, Judge Stephens first rejected Respondents' jurisdictional arguments finding that the Court had jurisdiction to review Petitioner's claims.  Regarding the merits, Judge Stephens found Petitioner's continued detention violated the INA as "noncitizens who are just present in the country, who have been here for years upon years and never proceeded to obtain any form of citizenship, are not seeking admission under § 1225(b)(2)(A)."  R&R at 14 (cleaned up).  Judge Stephens ultimately concluded that § 1226(a) controls Petitioner's detention and therefore Petitioner is entitled to a prompt bond hearing or, alternatively, his release.

## III. Analysis

### A. Jurisdiction

Respondents first object to Judge Stephens' jurisdictional analysis.  Obj. at 3.  Specifically, Respondents contend that 8 U.S.C. § 1252(g) limits this Court's jurisdiction to hear "any cause or claim by or on behalf of any alien arising from the decision or action by [DHS] *to commence proceedings, adjudicate cases, or execute removal orders* against any alien under this chapter."  Obj. at 3 (quoting 8 U.S.C. § 1252(g)) (emphasis added).  But the Supreme Court requires § 1252(g) to be read narrowly and applied only "to [] those three specific actions themselves."  *Jennings v. Rodriguez*, 583 U.S. 281, 294-95 (2018).  Here, Petitioner challenges "the narrow legal question[] of whether [his] detention under [] § 1225 violates the INA and whether he is entitled to a bond hearing under § 1226's discretionary detention framework."  *Mendoza Gutierrez v.*

---

[1] Because the Court finds Respondents violated the INA and grants Petitioner the entirety of the relief he seeks, the Court declines to address Petitioner's constitutional claim.  *See* R&R at 24.

*Baltasar*, No. 1:25-CV-2720-RMR, 2025 WL 2962908, at *3 (D. Colo. Oct. 17, 2025). Because Petitioner does not challenge Respondents' decision to commence or adjudicate proceedings or execute removal orders, the Court concludes that § 1252(g) does not jurisdictionally bar his Petition.[2]

    **B.**    **Section 1225**

Regarding the merits of Petitioner's INA claim, Respondents object to Judge Stephens' conclusion that § 1226(a), and not § 1225(b)(2)(A), controls Petitioner's detention, specifically arguing that Judge Stephens misinterpreted § 1225(b)(2)(A). Obj. at 6-15. When interpreting a statute, a court's analysis must begin with the text of the statue itself. *Potts v. Ctr. For Excellence in Higher Educ., Inc.*, 908 F.3d 610, 613 (10th Cir. 2018). Section 1225(b)(2)(A) provides:

> in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A).

Respondents first insist that § 1225(b)(2)(A) controls because Petitioner is an "applicant for admission" and the section unambiguously requires all "applicant[s] for admission" to be subject to mandatory detention. Obj. at 6-7. While agreeing that the section is unambiguous, the Court notes that the plain language of § 1225(b)(2)(A) requires an "applicant for admission" to also be "seeking admission" for the section to control. *See Loa Caballero v. Baltazar*, No. 1:25-

---

[2] Respondents ask the Court to follow the decision in *Acxel S.Q.D.C. v. Bondi*, No. 25-CV-3348-PAM, 2025 WL 2617973, at *3 (D. Minn. Sept. 9, 2025), where the court found that § 1252(g) stripped its jurisdiction to hear a similar § 1225(b)(2)(A) detention petition. But the Court disagrees and reiterates that Petitioner's challenge focuses solely on his continued detention not Respondents' decision to "commence proceedings, adjudicate cases, or execute removal orders."

CV-3120-NYW, 2025 WL 2977650, at * 4 (D. Colo. Oct. 22, 2025).  Respondents then suggest that all "applicants for admission" are "seeking admission."  Obj. at 6-7; [Doc. No. 13 at 19].  But if all "applicants for admission" are also "seeking admission," then § 1225(b)(2)(A)'s inclusion of the phrase "seeking admission" would be redundant and courts should avoid statutory interpretations that "make[] any part [of the statute] superfluous."  *Fuller v. Norton*, 86 F.3d 1016, 1024 (10th Cir. 1996).

Alternatively, Respondents assert that, despite living in the United States for twenty years, Petitioner is in fact "seeking admission" as a derivate applicant on "his wife's application for U nonimmigrant status."  Obj. at 7.  But based on the plain language of § 1225(b)(2)(A), the phrase "seeking admission" only applies to noncitizens who "[are] presently and actively seeking lawful entry into the United States . . . at the border."  *Loa Caballero*, 2025 WL 2977650, at * 4 (noting that a noncitizen already present in the United States is not "seeking admission or lawful entry at that point—one would say that they had entered unlawfully but now seek a lawful means of remaining there" (cleaned up)); *see also Hernandez v. Baltazar*, No. 1:25-CV-3094-CNS, 2025 WL 2996643, at *5 (D. Colo. Oct. 24, 2025) ("For a noncitizen to be deemed seeking admission, they must be currently taking active steps to seek lawful entry into the U.S.") (cleaned up); *Pu Sacvin v. Ybarra*, No. 2:25-CV-1031-KG, 2025 WL 3187432, at *3 (D. N.M. Nov. 14, 2025) ("Noncitizens seeking admission are those who have not effected an entry into the United States.") (cleaned up).  Notably, Respondents cite no Tenth Circuit authority to challenge this interpretation.

The Court's statutory construction is further supported by the Supreme Court in *Jennings*: "U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§1225(b)(1) and (b)(2) [and to] detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)."  583 U.S. at 289 (cleaned

up). Accordingly, based on § 1225(b)(2)(A)'s plain language, the Court concludes that the section only applies when a noncitizen "applicant for admission" is actively "seeking admission" into the United States.[3]

Here, Petitioner has resided in the United States for approximately twenty years. Pet. at 11. And while Petitioner admits to seeking legal status, *see id.*, he is not "seeking admission" into the United States. Accordingly, the Court finds § 1225(b)(2)(A) inapplicable to Petitioner.

Respondents remaining objections assert that Judge Stephens misconstrued § 1225's title, legislative purpose, and historical interpretations in finding § 1225(b)(2)(A) did not control Petitioner's detention.[4] But a court may only consider extrinsic evidence to "resolve [textual] ambiguities." *McGraw v. Barnhart*, 450 F.3d 493, 499 (10th Cir. 2006); *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212 (1998) ("The title of a statute cannot limit the plain meaning of the text.") (cleaned up). And as the Court finds § 1225(b)(2)(A) unambiguous, it need not address Respondents' remaining objections.[5]

---

[3] Respondents assert that such a construction of § 1225(b)(2)(A) is absurd as it would prevent immigration officers from immediately detaining any noncitizen residing in the United States "without determining if they were somehow actively seeking admission." Obj. at 7-8. But nothing in this Court's construction of § 1225(b)(2)(A) prohibits immigration officers from detaining noncitizens residing in the United States; instead, the statutory construction merely restricts Respondents ability to keep Petitioner in "mandatory detention" pursuant to § 1225(b)(2)(A) after his arrest.

[4] Respondents also object to Judge Stephens' reliance on the Laken Riley Act to find § 1225(b)(2)(A) inapplicable. But the Court need not address Respondents' objection as it does not rely on the Laken Riley Act.

[5] Even if the Court did find § 1225(b)(2)(A) ambiguous, the section's legislative purpose and historical interpretations do not support Respondents' position. *See Hernandez*, 2025 WL 2996643, at *7 (noting that the "strongest evidence of [§ 1225's] intended purpose [is 62 Fed. Reg. 10312 and 10323] which make clear that '[d]espite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination'") (quoting Inspection and Expedited Removal of Aliens; Detention and Removal

**C.     Section 1226**

Having found § 1225(b)(2)(A) inapplicable to Petitioner, the Court concludes that § 1226(a) controls his detention. *See Loa Caballero*, 2025 WL 2977650, at * 4 ("The Court joins the numerous courts across the country that have held that [noncitizens not apprehended at the border, who have been present in the United States for many years without lawful status] are subject to the discretionary detention framework of § 1226(a)"); *see also* R&R at 22-23 (collecting cases). Noncitizens detained under § 1226(a) are generally entitled to a prompt bond hearing before an immigration judge. *See Hernandez*, 2025 WL 2996643, at *8 (finding similarly situated noncitizen entitled to a bond hearing under § 1226(a)). Here, Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligation to provide bond hearings for noncitizens under § 1226(a). Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates § 1226(a) of the INA.

**IV.    Conclusion**

For the reasons above, the Court ADOPTS the Report and Recommendation [Doc. No. 14] and GRANTS Petitioner's Petition only in so far as it finds Respondents violated the INA. Accordingly, the Court ORDERS Respondents to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a) or otherwise release Petitioner. A separate judgment will enter.

IT IS SO ORDERED this 20th day of November, 2025.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997)).